IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL NELSON | § | |
| (TDCJ No. 1951484), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-3491-P-BN |
| | § | |
| J. PRINGLE, Warden, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Nelson, a Texas inmate, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Dkt. No. 1]. For the reasons stated below, the application should be dismissed without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On September 18, 2014, Petitioner filed his federal habeas petition, challenging a July 2014 state conviction. Petitioner provided that the docket number associated with the state case is F-1372518 and that he was convicted in the 195th District Court of Dallas County, Texas. In his application, however, Petitioner failed to provide whether he appealed this conviction or, moreover, whether he submitted the claims presented in his federal petition to the Texas Court of Criminal Appeals through either a petition for discretionary review or an application for post-conviction relief.

Anticipating, based on the purported date of the state conviction, that Petitioner likely had not fully exhausted state remedies before seeking federal habeas relief, *see*

28 U.S.C. § 2254(b)(1)(A), the Court issued, on September 29, 2014, written interrogatories directed to that issue [Dkt. No. 4]. Plaintiff was ordered to respond to the interrogatories no later than October 24, 2014 and was warned that the failure to file answers may result in the dismissal of his lawsuit for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See id.* at 1.

Because Petitioner failed to file a motion for leave to proceed *in forma pauperis* or pay the statutory filing fee, the Court also issued, the same day, an order and notice of deficiency [Dkt. No. 5], requiring Petitioner to, no later than October 21, 2014, either pay the filing fee or file an IFP motion and inmate trust account certificate. That order also warned Petitioner that the failure to comply would result in a recommendation that his suit be dismissed for failure to prosecute pursuant to Rule 41(b). *See id.* at 2.

Neither order was returned to the Court as undeliverable. And the deadlines for Petitioner to comply with both orders have passed without any communication from Petitioner.

### Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties[,]" *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also  Brown v. United States*, Nos. A–11–CA–155 LY, (A–04–CR–268 LY), 2011 WL 1899790, at *1

W.D. Tex. May 19, 2011) ("It is ... well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order.'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))).

Rule 41(b), like all rules in the Federal Rules of Civil Procedure, generally applies to Section 2254 proceedings. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, Rule 12; *cf. Glazier v. Cockrell*, 73 F. App'x 80, 2003 WL 21756771, at *1 (5 th Cir. June 24, 2003) (per curiam) ("The district court did not abuse its discretion in dismissing the case without prejudice because Glazier failed to comply with the court's order to file a habeas corpus petition or suffer dismissal of the case for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." (citing *McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir.1988))).

By not responding to the Court's interrogatories, and because he has neither filed a motion for leave to proceed *in forma pauperis* nor paid the statutory filing fee, Petitioner has prevented this action form proceeding. Thus, he has failed to prosecute his lawsuit and obey the Court's orders. A Rule 41(b) dismissal of Petitioner's lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Petitioner decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

Petitioner's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Petitioner complies with the Court's previous orders – by (1) filing written responses to the Court's interrogatories <u>and</u> (2) filing a motion to proceed *in forma pauperis*, along with an inmate trust account certificate, or paying the statutory filing fee – the Court should refer the case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 24, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE